AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California



FILED
MAR 21 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Black iPhone X cellular telephone
Seizure No. 2019-2506-000360-01

Case No. **19MJ1177**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1324 | Alien Smuggling |

The application is based on these facts:

See attached Affidavit of Officer Carlo E. Nazareno, U.S. Customs and Border Protection

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Off. Carlo Nazareno, U.S. Customs and Border Protection
Printed name and title

Sworn to before me and signed in my presence.

Date: 3-21-19

_____
Judge's signature

City and state: San Diego, CA

HON. NITA L. STORMES, United States Magistrate Judge
Printed name and title

## ATTACHMENT A

## *PROPERTY TO BE SEARCHED*

The property to be searched in connection with an investigation of violations of Title 8, United States Code Section 1324, is described below:

**(1)  Black iPhone X cellular telephone**
Seizure No. 2019-2506-000360-01



currently in the possession of U.S. Customs and Border Protection, located at 880 Front Street, San Diego, California 92101.

## ATTACHMENT B

### *ITEMS TO BE SEIZED*

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period of October 9, 2018 to January 9, 2019:

a. tending to indicate efforts to smuggle undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending to indicate efforts to smuggle undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in smuggling illegal aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;

d. tending to identify travel to or presence at locations involved in smuggling undocumented aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States, such as stash houses, load houses, or delivery points;

e. tending to identify illicit proceeds, cash, checks, wires, bank accounts, financial records, financial transactions, ledgers, or other information related to proceeds derived from smuggling undocumented aliens from

>   Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;
>
> f.  tending to identify the user of, or persons with control over or access to, the subject phone; or
>
> g.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above;

**which are evidence of violations of Title 8, United States Code, Section 1324.**

The seizure and search of the cellular phone(s) shall follow the procedures outlined in the supporting affidavit. Deleted data, remnant data, slack space, and temporary and permanent files on the cellular phone(s) may be searched for the evidence above.

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Carlo E. Nazareno, having been duly sworn, do hereby state that the following is true to my knowledge and belief:

## INTRODUCTION

1. I make this affidavit in support of an application for a warrant to search the following electronic device, as further described in Attachment A (incorporated herein by reference):

> (1) Black iPhone X cellular telephone
> Seizure No. 2019-2506-000360-01
> **("Target Telephone")**

This search supports an investigation and prosecution of Karla Alejandra OROZCO ("OROZCO") for the crimes mentioned below. A factual explanation supporting probable cause follows.

2. Officers with U.S. Customs and Border Protection (CBP) seized the **Target Telephone** from OROZCO on January 9, 2019, when she was arrested at the border at the Otay Mesa, California, Port of Entry in violation of Title 8, United States Code, Section 1324 (alien smuggling). The **Target Telephone** is currently in the possession of CBP, located at 880 Front Street, San Diego, California 92101.

3. Based on the information below, there is probable cause to believe that a search of the **Target Telephone** will produce evidence of the aforementioned crime, as more particularly described in Attachment B (incorporated herein by reference).

4. The information contained in this affidavit is based upon my experience and training, and consultation with other federal, state, and local law enforcement agents. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, it does not set forth every fact known by me or others regarding this investigation, but only contains those facts believed to be necessary to establish probable cause. Dates, times and amounts are approximations unless otherwise noted.

//

## TRAINING AND EXPERIENCE

5. I am an Officer with the United States Customs and Border Protection (CBP) within the Department of Homeland Security. I have been a CBP Officer since June 18, 2007 having completed the CBP Officer academy at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. As a result of my training and experience as a CBP Officer, I am familiar with federal criminal and immigration laws. My primary duties have been the enforcement of federal immigration and customs laws. As part of this training, I attended criminal investigation training that included course studies in, among other things, criminal law, constitutional law, search and seizures, and courtroom procedure.

6. As a CBP Officer, I am a Federal Law Enforcement Officer within the meaning of Rule 41(b) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States, and thereby authorized to request issuance of federal search and seizure warrants. As an Officer with Customs and Border Protection, my responsibilities include the investigation of possible violations of Immigration and Nationality laws (Title 8, United States Code), including alien smuggling in violation of Title 8, United States Code, Section 1324, and related offenses.

7. My assignment includes investigations related to unlawful aliens and alien smuggling. In the course of my duties, I have worked as the case agent, directing specific alien smuggling and illegal entry investigations. I have worked as an officer at the San Ysidro, California, Port of Entry (POE), the Otay Mesa, California POE and Tecate, California POE.

8. During my assignments, I have interviewed Defendants and witnesses relative to their illegal entry and alien smuggling. Through my observations and these interviews, I have gained a working knowledge and insight into the normal operational habits of unlawful aliens and alien smugglers, with particular emphasis on those who attempt to illegally enter or smuggle unlawful aliens into the United States from Mexico.

9. Through the course of my training, investigations, work experience, and conversations with other law enforcement personnel, I am aware that it is a common practice

for alien smugglers to work in concert with other individuals, and they do so by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities. As a part of the San Ysidro Criminal Enforcement Unit (CEU), I have seen numerous telephones being used by load drivers to communicate with smugglers. Typically, load drivers transporting aliens within the United States are in telephonic contact with co-conspirators immediately prior to and following the entry of unlawful aliens into a load vehicle, at which time they receive instructions on where and when to pick up the unlawful aliens and where to deliver them.

10. Based on my training, work experience, and conversations with other law enforcement personnel, I am also aware that:

    a. Smugglers and traffickers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

    b. Smugglers and traffickers will use cellular telephones because they are able to actively monitor the progress of their illegal activities from point of origin in Mexico to point of destination in the United States.

    c. Smugglers and traffickers and their accomplices will use cellular telephones because they can easily arrange and/or discuss smuggling fees, availabilities of transportation, and costs associated with smuggled aliens.

    d. Smugglers and traffickers will use cellular telephones to direct, coordinate the transfer and acquisition of payment for smuggling and trafficking fees, request additional fees from aliens and/or their sponsors, and coordinate drivers to synchronize an exact drop off and/or pick up time of their aliens.

    e. The use of cellular telephones by smugglers and traffickers tends to generate evidence that is stored on the cellular telephones including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

*Affidavit in Support of Search Warrant*      3

11. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of alien smuggling investigations, and the opinions stated herein are shared by them.

## **PROBABLE CAUSE**

12. On January 9, 2019, at approximately 4:58 a.m., OROZCO sought entry into the United States from Mexico in lane #9 at the Otay Mesa, California POE, as the driver, sole visible occupant, and co-owner (with her step-father) of a white 2018 Toyota Corolla. At the primary booth, Defendant presented her U.S. Passport Card to Customs and Border Protection (CBP) Officer J. Rainey and stated she was going to "San Diego for work" and had nothing to declare.

13. CBPO Rainey asked OROZCO to open the trunk for inspection. CBPO Rainey noticed OROZCO did not answer her the first two times she was asked and then OROZCO stated that she was having difficulty opening it with the remote. Once it was opened, a single individual, later identified as Li Chai Qiu, was concealed inside.

14. OROZCO was asked to exit vehicle and was transported to the security office.

15. Ms. Qiu was also removed from the trunk of the vehicle. She stated she was a citizen of China without any documents that would allow her to enter or remain in the United States lawfully.

16. CBPO Rainey resumed her post at the primary booth when a family (two vehicles behind Orozco's) traveling in a van informed CBPO Rainey that they saw the 2018 Toyota Corolla (OROZCO's vehicle) make a few suspicious turns prior to entering lane no. 9 at the Otay Mesa, California POE.

//
//
//
//
//
//

*Affidavit in Support of Search Warrant*      4

17. OROZCO was placed under arrest and CBP officers seized the **Target Telephone**.[1] OROZCO denied knowledge of the individual in the truck, and claimed she lives in Tijuana, Mexico with her grandmother and was crossing into the United States for work. OROZCO pled not guilty to an alien smuggling offense and awaits trial on June 11, 2019 in case S.D. Cal. Crim. Case No. 19cr0643-WQH.

18. Based upon my experience and investigation in this case, I believe that OROZCO is involved in alien smuggling activities. Based upon my experience training and in consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the alien smuggling activities of OROZCO, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of **Target Telephone**.

19. Finally, alien smuggling conspiracies require detailed and intricate planning to successfully evade detection by law enforcement. In my professional training and experience, this requires planning and coordination in the days and weeks and often months prior to the event. Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine the whereabouts of their valuable cargo. Based on my training and experience, individuals such as OROZCO will attempt to minimize the amount of time they were involved in their smuggling activities and often times are actually involved for weeks and months longer than

---

[1] The officers do not recall if the **Target Telephone** was seized from OROZCO's person or the vehicle. On January 9, 2019, while at the border, CBP officers manually reviewed the **Target Telephone** and downloaded the phone using Cellebrite. Nothing from these searches is offered to support probable cause in this application.

I also declare that nothing from the prior searches of the **Target Telephone** informs my decision to submit this affidavit to obtain a search warrant for the **Target Telephone**. The case is headed to trial and, as we ordinarily do in trial-bound cases, seek to obtain additional evidence to support the charge. I seek this affidavit independent of any information that was seen or reviewed (or not seen) in the prior searches.

*Affidavit in Support of Search Warrant* 5

they claimed to be involved. Given those facts, I respectfully request permission to search **Target Telephone** for data beginning on October 9, 2018, up to and including January 9, 2019.

## METHODOLOGY

20. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

21. Following the issuance of this warrant, I will collect the **Target Telephone** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

*Affidavit in Support of Search Warrant*        6

22. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

23. Based on all of the facts and circumstances described above, my training and experience, and consultations with other law enforcement officers, there is probable cause to conclude that OROZCO utilized the **Target Telephone** to facilitate violations of Title 8, United States Code, Section 1324.

24. Because the **Target Telephone** was promptly seized during the investigation of OROZCO's smuggling activities and has been securely stored since it was seized, there is probable cause to believe that evidence of illegal activities committed by OROZCO continues to exist on the **Target Telephone**. As stated above, I believe that the appropriate date range for this search is from October 9, 2018, up to and including January 9, 2019.

25. Therefore, I respectfully request the Court issue a warrant authorizing me, an Officer with CBP, or another federal law enforcement Agent specially trained in digital evidence recovery, to search the **Target Telephone**, as described in Attachment A, and seize the items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

CARLO E. NAZARENO, OFFICER
U.S. Customs and Border Protection

Subscribed and sworn to before me on this 21st day of March, 2019.

HON. NITA L. STORMES
United States Magistrate Judge

*Affidavit in Support of Search Warrant*       7